IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No.   1:21CR00025 SRC |
| | ) |
| GLEN O. JOHNSON, | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S RESPONSE TO**
**DEFENDANT'S REQUEST FOR PRETRIAL DISCLOSURE**

Comes now the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Julie A. Hunter, Assistant United States Attorney for said District, and for the Government's Response to Defendant's Request for Pretrial Disclosure, states and alleges as follows:

**1. EVIDENCE WHICH MAY BE THE BASIS FOR PRETRIAL MOTIONS FOR SEVERANCE OR TO SUPPRESS EVIDENCE**

The Government has provided to counsel for the Defendant, consistent with the Order of the Court, a complete disclosure of all information as required under Rule 12(b) of the Federal Rules of Criminal Procedure, including the arguably suppressible evidence it intends to offer at trial against the Defendant.

**A.** **Search Warrant.**  The search warrants obtained to search any property as to which Defendant might arguably have a reasonable expectation of privacy regarding the present charge pending against him in this cause are as follows:

(a) Search Warrant for 3720 State Highway F, Portageville, Missouri.

1

B.      **Application for Search Warrant.**   The applications for a search warrant made with reference to the present charge pending against Defendant in this cause are as follows:

(a)     Application for Search Warrant for 3720 State Highway F, Portageville, Missouri.

## Rule 16 Material

The Government incorporates by reference herein the Government's Response to Court's Order Concerning Rule 12(b) Disclosure which was previously provided to counsel for the Defendant.    Pursuant to the requirements of Rule 16 of the Federal Rules of Criminal Procedure, the Government states that:

C.     **Statements of Defendant**.

1.      **Relevant Written or Recorded Statements**

The relevant written or recorded statements made by the defendant which are within the possession, custody or control of the Government are as follows:

(a)     Recorded interview of defendant by SEMO Drug Task Force Officer Troy Shelly on July 10, 2020.

2.      **Written Records Containing Substance of Oral Statements**

There are no written records containing the substance of any relevant oral statements made by the defendant in response to interrogation by any person then known to the defendant to be a government agent.

3. **Grand Jury Testimony.**

The defendant has not testified before a grand jury relating to the offense charged.

4. **Other Relevant Oral Statements.**

The defendant has not made any other relevant oral statements in response to interrogation by any person then known by the defendant to be a government agent which the Government intends to use at trial.

     **D.**    **Prior Criminal Record**.  A copy of defendant's prior record, along with a complete copy of the investigative file held by the Government at this time, has been provided to counsel for the defendant.

     **E.**    **Documents and Tangible Objects**.  The Government will permit the defendant to inspect and copy or photograph those items set forth under the provisions of Rule 16(c) of the Federal Rules of Criminal Procedure, which are within the possession, custody, or control of the Government, which are material to the preparation of the defendant's defense or are intended for use by the Government as evidence-in-chief at the trial, or were obtained from or belong to the defendant, including the following:

    (a)    Items seized following the execution of the search warrant at defendant's residence, including a New England Firearms, 12 gauge, Break-Open shotgun, and a Tangfoglio, E-32 Titan II, .32 Auto, semi-automatic pistol;

    (b)    Certified copies of conviction documents on defendant;

    (c)    Items referenced in the Probable Cause Affidavit of SEMO Drug Task Force Officer Troy Shelly;

    (d)    Items referenced in the Missouri State Highway Patrol Incident Report dated July 10, 2020;

    (e)    Search Warrant for 3720 State Highway F, Portageville, Missouri, along with the Application, Affidavit, and Inventory;

    (f)    Items referenced in the Complaint and Request for a Warrant issued in the Circuit Court of New Madrid County, Missouri;

    (g)    Recorded interview of co-defendant by SEMO Drug Task Force Officer Troy Shelly.

These items will be made available to counsel for the defendant at a mutually agreeable time for inspecting, photographing or copying at the location where such evidence is held or at the U. S. Attorney's Office located in Cape Girardeau, Missouri, upon reasonable written notice to the Government.

    **F.**    **Reports of Examinations or Tests**.   The Government will permit the defendant to inspect, copy, or photograph any results or reports of physical or mental examinations, and scientific tests or experiments, or copies thereof, which are within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government, and which are material to the preparation of the defense or are intended for use by the Government as evidence in chief at the trial.   These items will be made available for inspecting, photographing, or copying at the Office of the United States Attorney upon reasonable notice to the Government.

The Government may introduce into evidence in its case in chief testimony regarding the following reports of examinations and tests:

    (a)    Interstate nexus report on the firearms, prepared by ATF Special Agent Matt Jones.

    **G.**    **Expert Witnesses.**   The Government will provide defendant with a written summary of testimony the Government intends to use under Rule 702, 703 or 705 of the Federal

Rules of Evidence during its case in chief at trial as required by Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure.   This summary will include the witnesses' opinions, the basis and the reasons therefor, and the qualifications of the witness.   The Government will provide this information reasonably in advance of trial.

The Government may introduce into evidence in its case in chief the following testimony of expert witnesses:

(a) ATF Special Agent Matt Jones, who will testify in accordance with his report.

**2. BRADY MATERIAL.**

The Government is aware of its obligations under Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 150, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972), and will comply therewith.

**3.  NAPUE V. ILLINOIS MATERIALS**

The Government is aware of its obligations under Napue v. Illinois, 360 U.S. 264, 79 S. Ct. 1173, 3 L. Ed. 2 1217 (1959), and will comply therewith.

**4. JENCKS MATERIAL**

The Government agrees to provide pretrial disclosure of all Jencks material which is discoverable under the provisions of Title 18, United States Code, Section 3500.   This disclosure will be made no later than the Friday before trial, in accordance with the custom and practice of this district.   This concession on the part of the Government is predicated upon a similar concession from the defendant with the Government's motion for production of statements of witnesses previously filed.

**5. ELECTRONIC OR WIRE COMMUNICATIONS**

There was no "electronic surveillance" conducted in this case.

### 6. RULE 404(b) MATERIALS

The Government will comply with the requirements of Rule 404(b) regarding the appropriate disclosure of such evidence should the Government determine that it will offer evidence under Rule 404(b).   This disclosure will be made at a time sufficiently in advance of trial that will permit the defense adequate time to prepare.

### 7. DISCLOSURE OF CONSIDERATION OFFERED TO INFORMANTS

Any promises or consideration paid or inducement offered to a confidential informant will be disclosed in sufficient time to permit the defense to effectively cross-examine any witnesses affected thereby or to present such evidence in their case in chief.

### 8. ROUGH NOTES OF LAW ENFORCEMENT OFFICERS

Defendant has moved that government investigators be ordered to disclose any rough notes developed during the investigation.   Under present law, the Government is not required even to preserve such notes.  United States v. Leisure, 844 F.2d 1347, 1360-61 (8th Cir. 1988); United States v. Kuykendall, 633 F.2d 118, 119-20 (8th Cir. 1980); cf. Arizona v. Youngblood, 488 U.S. 51, 58 (1988).   However, the Eighth Circuit has indicated that the better practice is to preserve rough notes in case a future need for them arises.   Leisure, 844 F.2d at 1360-61 n.10. The Government opposes any motion to produce those notes.   The Government is aware of its duty to produce material subject to the rule in Brady v. Maryland and its progeny.   The Government will also produce any rough notes which were signed or adopted by a witness in the Government's case in chief and any recorded statements of the witness, pursuant to the Jencks Act.  United States v. Shyres, 898 F.2d 647, 657 (8th Cir. 1990).   The Government is under no

duty to produce agents' rough notes or "statements" that fall outside these two areas, however. Fed. R. Crim. P. 16(a)(2); United States v. Williams, 962 F.2d 1218, 1224-25 (6th Cir. 1992); United States v. Pisello, 877 F.2d 762, 767-68 (9th Cir. 1989); United States v. Dekle, 768 F.2d 1257, 1263 (11th Cir. 1985); Kuykendall, 633 F.2d at 119-20; United States v. Burger, 773 F.Supp. 1419, 1425 (D. Kan. 1991).

### SCOPE OF DEFENDANT'S DISCOVERY REQUEST

There is no general constitutional right to discovery in a criminal case. United States v. Bagley, 473 U.S. 667, 105 S.Ct. 3375 (1985); United States v. Grier, 866 F.2d 908, 917 (7th Cir. 1989). In most criminal prosecutions, Rule 16, the rule of Brady v. Maryland, and the Jencks Act exhaust the scope of discovery to which a defendant is entitled. United States v. Presser, 844 F.2d 1275, 1286 n. 12 (6th Cir. 1988).

The defendant's motion for discovery and inspection requests the production and/or inspection of numerous matters which may exceed the scope of Rule 16, Brady v. Maryland and the Jencks Act. The Government objects to each and every request contained in defendant's motion not specifically provided for in Rule 16, Brady v. Maryland, or the Jencks Act, as being beyond the scope required by Brady; 18 U.S.C. § 2510-20; 18 U.S.C. § 3504; and Rules 12(d)(2), 16, and 41 of the Federal Rules of Criminal Procedure.

SAYLER A. FLEMING
UNITED STATES ATTORNEY

/s/ Julie A. Hunter
JULIE A. HUNTER, #51612MO
ASSISTANT UNITED STATES ATTORNEY
555 Independence, 3rd Floor

Cape Girardeau, MO 63703<br>
(573) 334-3736<br>
julie.hunter@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2021, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Phil Dormeyer
Attorney for Defendant

/s/ Julie A. Hunter
JULIE A. HUNTER, #51612MO
ASSISTANT UNITED STATES ATTORNEY